**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOEL CHAPARRO,**

**Plaintiff,**

**v.**   Case No:  6:16-cv-00776-PGB-DAB

**BREVARD EXTRADITIONS, INC.
and U.S. PRISONER TRANSPORT, INC.**

**Defendants.**
_____/

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff JOEL CHAPARRO and Defendants BREVARD EXTRADITIONS, INC and U.S. PRISONER TRANSPORT, INC. move the Court to approve the Parties' settlement agreement as it relates to Plaintiff's claims for failure to pay a minimum wage brought under the Fair Labor Standards Act ("FLSA") and unpaid wages under Florida common law.  The parties have negotiated the terms of the settlement agreement at arm's length and those terms are mutually satisfactory and reasonable.  The Court's approval of the settlement agreement[1] and entry of an Order dismissing the case, with prejudice, will consummate the agreement between the Parties.

**DESCRIPTION OF THE ACTION**

1. On April 29, 2016, Plaintiff filed his Complaint with this Court seeking compensation from Defendants minimum wage violations under the FLSA and unpaid wages under Florida common law.  Plaintiff's alleges that Defendants failed to pay Plaintiff a minimum wage under the FLSA and failed to pay all wages owed to him.

---

[1] A copy of the Settlement Agreement is attached as Exhibit "A" to this Motion.

2. The parties dispute the amount of wages at issue and whether Plaintiff was paid minimum wage for all hours worked.

3. Both parties considered the risk of further litigation and decided to reach this agreement in compromise of Plaintiff's claims.

## TERMS OF THE SETTLEMENT AGREEMENT

1. The parties have agreed to settle this action and provide for a release of claims by Plaintiff as set forth in the Settlement Agreement for a total settlement payment of $8,500, inclusive of Plaintiff's attorney's fees and costs.

2. Plaintiff will receive a total amount of $3,500. Plaintiff's counsel will receive a total amount of $5,000 in attorney's fees and costs. Significantly, the agreements between the parties to resolve Plaintiff's underlying FLSA claims were made without regard to the resolution of Plaintiff's attorneys' fees and costs. The parties separately agreed to settle Plaintiffs' attorneys' fee and costs claim for a total of $5,000.

## MEMORANDUM OF LAW

Parties are required to seek court approval of a private settlement of a claim for back wages arising under the FLSA. The Eleventh Circuit has held that:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity,

expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. See Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). A strong presumption exists to find a settlement fair and reasonable. See Hamilton v. Frito-Lay, Inc., 2007 WL 219981 at *2 (M.D. Fla. Jan. 26, 2007).

Plaintiff was represented by counsel for the entirety of this litigation and Plaintiff agrees that the amount to be paid to him is fair. Therefore, the Parties represent that no fraud or collusion is present with regards to this settlement.

The complexity, expense, and length of future litigation, and the stage of the proceedings and discovery completed also favor this settlement. The Parties have limited expenses because of the Court's Scheduling Order but continuing the litigation would subject the Parties to the greatest expense of the litigation process, a trial. At this juncture, the Parties agree that avoiding the large cost of proceeding with this litigation is in the best interest of both Parties.

The Parties agree that factors 4 and 5, which look at the likelihood of Plaintiff prevailing at trial and the possible range of recovery, are in dispute.

Considering the evidence and potential outcomes, counsel for both parties agree that the settlement amount is fair and reasonable.

In this case, the Parties reached an agreement and settlement amount that was the result of an arm's-length adversarial negotiations process. The Parties agree that the settlement reached between them represents a fair and reasonable resolution to the Plaintiff's claims for damages brought under the FLSA. The Parties also believe that the amount to be paid for attorney's fees and costs, which was negotiated separately, is a reasonable compromise. Therefore, the Parties' respective counsel also favors this settlement.

The Parties agree that the attached settlement agreement includes every term and condition of the Parties' agreement related to Plaintiff's claims. The Parties also agree that the settlement reached advances judicial economy and should be approved by the Court.

## **CONCLUSION**

Based on the foregoing, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement as it relates to the Plaintiff's FLSA and dismiss the case with prejudice.

Respectfully submitted this 21st day of September, 2016.

| | |
|---|---|
| **RHODES LAW, P.A.** | **WENZEL FENTON CABASSA, P.A.** |
| 474 North Harbor City Boulevard | 1110 North Florida Avenue |
| Suite 1 | Suite 300 |
| Melbourne, Florida 32935 | Tampa, Florida 33602 |
| Telephone: 321-610-4542 | Telephone: 813-224-0431 |
| Facsimile: 321-610-8141 | Facsimile: 813-229-8712 |
| | |
| BY: */s/Ruth R. Rhodes* | BY: */s/Luis A. Cabassa* |
| Ruth R. Rhodes | Luis A. Cabassa |
| Florida Bar Number: 28313 | Florida Bar Number: 0053643 |
| E-mail: ruth@rhodeslawpa.com | E-mail: lcabassa@wfclaw.com |
| Counsel for Defendants | Counsel for Plaintiff |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is entered into by and between **Brevard Extraditions, Inc.** and **U.S. Prisoner Transport, Inc.**, (collectively, the "Defendants") and **Joel Chaparro** (the "Plaintiff")(collectively, the "Parties") for the purpose of resolving all claims, liabilities, and lawsuits between the Parties as further outlined below.

WHEREAS, Plaintiff filed an action against Defendants in the Middle District of Florida under the Fair Labor Standards Act ("FLSA") and also for unpaid wages under common law styled *Joel Chaparro v. Brevard Extraditions, Inc. and U.S. Prisoner Transport, Inc.*, Case No.: 6:16-cv-00776-PGB-DAB, ("the Lawsuit");

WHEREAS, Defendants deny all allegations asserted by Plaintiff in the Lawsuit;

NOW WHEREFORE, in consideration of the promises and mutual covenants in this Agreement, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Defendants' Obligations to Plaintiff.** Defendants agree to pay to Plaintiff the total amount of Eight Thousand Five Hundred Dollars ($8,500.00), allocated as follows:

    a)   A check in the amount of Three Thousand Five Hundred Dollars ($3,500) made payable to Joel Chaparro representing alleged unpaid minimum wages and unpaid wages; and

    b)   A check in the amount of Five Thousand Dollars ($5,000) made payable to Wenzel Fenton Cabassa, for Plaintiff's attorneys' fees and costs. This amount was agreed upon separate and apart from the amounts paid to Plaintiff.

The settlement payments described above will be due in Plaintiff's counsel's office (Wenzel, Fenton, Cabassa P.A. c/o Luis Cabassa, 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602) 7 days after the execution of this agreement by the Parties.

2. **Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement and the payments outlined in Paragraph 1, Plaintiff shall file the Parties' Joint Stipulation of Dismissal with Prejudice.

3. **Plaintiff's Obligations to the Defendants.** Except as outlined in Paragraph 1 of this Agreement, Plaintiff acknowledges that no other payments are due and owing to him as a result of the hours worked during his employment with the Defendants. Plaintiff shall not initiate or instigate any future judicial or administrative proceedings against the Defendants that in any way involve allegations or facts arising from the hours worked during his employment with the Defendants in any forum as of the date of execution of this Agreement.

4. **Release.** Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each Party hereby unconditionally, fully and finally releases and forever discharges all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, related to Plaintiff's claims in this lawsuit.

5. **No Admission of Liability.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

6. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

7. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

8. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

9. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

10. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

11. **Choice of Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles.

12. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

13. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

14. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

15. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Plaintiff has consulted with and been advised by Mr. Luis Cabassa, Esquire in this matter and is satisfied that Mr. Luis Cabassa has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Defendants have consulted with and been advised by Ruth Rhodes, Esquire in this matter and are satisfied that Ms. Rhodes has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

16. **Full and Knowing Acceptance.** This Agreement, consisting of four (4) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 9/19/16

JOEL CHAPARRO

Date: 9/16/16

Brevard Extraditions, Inc. and U.S. Transport, Inc.

4