UNITED STATES DISTRICT COURT<br>
MIDDLE DISTRICT OF FLORIDA<br>
ORLANDO DIVISION

JOEL CHAPARRO,

                **Plaintiff,**

v.                                         **Case No:  6:16-cv-776-Orl-40DCI**

BREVARD EXTRADITIONS, INC. and
U.S. PRISONER TRANSPORT, INC.,

                **Defendants.**

---

REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **SECOND AMENDED JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. 29)** |
| **FILED:** | **January 10, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

I.      BACKGROUND

    On May 5, 2016, Plaintiff instituted this action against Defendants alleging causes of action under the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 255, for minimum wage violations, and under Florida common law for unpaid wages.  Doc. 1.  In his verified answers to the Court's interrogatories, Plaintiff alleged that Defendants owed him a total of $3,118.96, excluding liquidated damages, fees, and costs.  Doc. 16 at 2.  Plaintiff filed a Notice of Settlement on September 12, 2016.  Doc. 22.

On September 21, 2016, the parties filed a Joint Motion to Approve Settlement Agreement (the Original Motion), to which the parties attached their settlement agreement (the Original Settlement Agreement).  Doc. 24.  On November 23, 2016, the Court denied the Original Motion because, among other things, the Original Settlement Agreement included language that was overly broad and susceptible to an interpretation foreclosing Plaintiff from bringing causes of action wholly unrelated to the wage claims at issue in this case.  Doc. 26.  Specifically, the Court was concerned with the following language: "Plaintiff shall not initiate or instigate any future judicial or administrative proceedings against the Defendants that in any way involve allegations or facts arising from the hours worked during his employment with the Defendants in any forum as of the date of execution of this Agreement."  Docs. 24 at 6; 26.  The Court ordered the parties to either remove the language or amend it to limit the scope of the release to claims for unpaid wages.  Doc. 26.

On December 9, 2016, the parties filed an Amended Joint Motion to Approve Settlement Agreement (the Amended Motion).  Doc. 27.  However, the parties failed to attach a copy of the proposed amended settlement agreement to the Amended Motion.  *Id*.  Without a copy of the proposed amended settlement agreement, the Court was unable to determine if the parties had complied with the Court's November 23, 2016 Order.  *See* Doc. 26.  Thus, on December 21, 2016, the Court denied the Amended Motion and ordered the parties to file a second amended motion.[1] Doc. 28.

On January 10, 2017, the parties filed a Second Amended Joint Motion to Approve Settlement Agreement (the Second Amended Motion), to which the parties attached their amended

---

[1] The Court also took issue with the parties' statement that $3,500 represented full compensation for Plaintiff's claim.

settlement agreement (the Amended Settlement Agreement).  Doc. 29.  The Amended Settlement Agreement contained the exact same language that the Court had previously ordered the parties to remove or amend.[2]  Docs. 24 at 6; 26-1 at 3; 29.

## II.    LAW

For an FLSA settlement to be final and enforceable, the parties must obtain the Court's approval of the settlement agreement.  *See Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before giving its approval, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute.  *Id*. at 1353-55.  In doing so, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

There is a strong presumption in favor of finding a settlement fair and reasonable.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court should also consider, among other things, the extent to which the FLSA claim has or will be compromised by the deduction of attorney fees,

---

[2] The Amended Settlement Agreement stated as follows: "Plaintiff shall not initiate or instigate any future judicial or administrative proceedings against the Defendants that in any way involve allegations or facts arising from the hours worked during his employment with the Defendants in any forum as of the date of execution of this Agreement."  Doc. 29-1 at 3.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

costs, or expenses. *See Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] When a plaintiff receives less than a full recovery, any payment above a reasonable fee improperly detracts from the plaintiff's recovery.[5]

When determining whether or not an attorney fee improperly detracts from the plaintiff's recovery, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009) (citations omitted). When the settlement agreement provides for attorney fees in excess of what is justified by the lodestar method, the settlement agreement is unreasonable unless extraordinary circumstances justify the award.

But there is an alternate means of demonstrating the reasonableness of attorney fees and costs. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held as follows:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

---

[4] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[5] It is irrelevant whether or not the payment has been agreed to by the defendant. From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added).  Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  *Id*.  The undersigned finds this reasoning persuasive.

### III.    ANALYSIS

#### A.  Settlement Amount

This case, as it pertains to Count I of the Complaint, involved disputed issues of liability under the FLSA minimum wage provision, which constitutes a bona fide dispute.  Docs. 1; 11; 29 at 3.  In response to the Court's Interrogatories, Plaintiff represented that he was not paid minimum wage throughout his employment.  Doc. 16 at 1-2.  Plaintiff represented that he was owed a total of $3,118.96 in unpaid minimum wages and unpaid wages, excluding liquidated damages, fees, and costs.  *Id*. at 2.

In their Second Amended Motion, the parties represented to the Court that they agreed to a total settlement amount to $3,500.00 to settle Plaintiff's claims, $3,118.96 of which was allotted toward Plaintiff's FLSA minimum wage claim, and $381.04 of which was allotted to Plaintiff's unpaid wage claim.  Docs. 29 at 3; 29-1 at 2.  The parties represented that the $3,500.00 settlement was in "excess of full compensation for Plaintiff's FLSA claim," but that it did not include liquidated damages.  *Id*.  The parties further represented that Plaintiff was represented by counsel for the entirety of the litigation; that no fraud or collusion was present with regards to the settlement; that the complexity, expense, and likely duration of the litigation was in favor of settlement; that Plaintiff's likelihood of success and possible range of recovery was in dispute; that both parties agreed that the settlement amount was fair and reasonable; that the parties reached settlement through an arm's-length adversarial negotiations process; and that Plaintiff's counsel

determined, based on payroll documentation produced by Defendant, that liquidated damages would be difficult to recover because of Defendant's "good faith" defense.  Doc. 29 at 2-3, 5-6.

Based upon the foregoing, the undersigned finds that $3,500.00 is a fair and reasonable settlement amount in this case.  Plaintiff was entitled to waive liquidated damages given the parties' representation that there was a genuine dispute regarding Plaintiff's entitlement to them, *Cf. Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) ("a plaintiff cannot waive her right to liquidated damages in a FLSA settlement agreement when there is no genuine dispute about whether she is entitled to them.") (citation omitted), and Plaintiff's doing so did not render the $3,500.00 settlement unfair or unreasonable.  Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B.  The Release

As noted above, on November 23, 2016, the Court denied the Original Motion, in part, because it contained the following language: "Plaintiff shall not initiate or instigate any future judicial or administrative proceedings against the Defendants that in any way involve allegations or facts arising from the hours worked during his employment with the Defendants in any forum as of the date of execution of this Agreement."  Docs. 24 at 6; 26.  The Court ordered the parties to either remove the language or amend it to limit the scope of the release to claims for unpaid wages.  Doc. 26.

The Amended Settlement Agreement contains the exact same language that the Court previously ordered the parties to remove or amend.  Doc. 29-1 at 3.  The undersigned finds that this language is overly broad and susceptible to an interpretation foreclosing Plaintiff from bringing causes of action wholly unrelated to the wage claims at issue in this case.  Therefore, the undersigned finds that the inclusion of the Amended Settlement Agreement, as drafted, fails

judicial scrutiny. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010) ("A compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny."). Accordingly, it is **RECOMMENDED** that the Court strike the foregoing sentence from the Amended Settlement Agreement.

### C.  Attorney Fees and Costs

Under the Agreement, Plaintiff's counsel will receive a total of $5,000.00 in attorney fees and costs. Doc. 29-1 at 2. In the Second Amended Motion, the parties represented that the attorney fees and costs were negotiated separately from Plaintiff's recovery. Doc. 29 at 4, 6. The settlement is reasonable, and the parties' foregoing representations adequately establish that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1.  The Second Amended Motion (Doc. 29) be **GRANTED** only to the extent the Court finds the settlement is fair and reasonable;

2.  The Motion otherwise be **DENIED**;

3.  The following language be **STRICKEN** from the Amended Settlement Agreement: "Plaintiff shall not initiate or instigate any future judicial or administrative proceedings against the Defendants that in any way involve allegations or facts arising from the hours worked during his employment with the Defendants in any forum as of the date of execution of this Agreement;" and

4.   The Court enter an order dismissing Plaintiff's claims with prejudice.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 3, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy